UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| State of Ohio *ex rel.*<br>SARAH THOMAS KOVOOR<br><br>       Plaintiff<br>  vs.<br><br>FRANK LAROSE<br>Ohio Secretary of State<br>(In his official capacity)<br>Service to Ohio Attorney General<br>      Rhodes State Office Tower<br>      30 East Broad Street<br>      14th Floor<br>      Columbus, OH 43215<br><br>       Defendant | CASE NO. :<br><br>JUDGE: |

## COMPLAINT FOR INJUNCTIVE RELIEF

Sarah Thomas Kovoor (0069223)
Kovoor Law, LLC
P.O. Box 310
Warren, OH 44482
P: (330) 974-1212 | F: (330) 974-1220
E: sarah.thomas.kovoor@gmail.com
*Attorney for Plaintiff*

Dave Yost (0056290)
Ohio Attorney General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, OH 43215
P: (614) 466-2872 | F: (614) 728-7592
*Counsel for Defendant Ohio Secretary of State Frank LaRose*

Plaintiff Sarah Thomas Kovoor states the following for her claims against Defendant Frank LaRose in his official capacity as the Ohio Secretary of State:

## INTRODUCTION

1. This is an action against the Secretary of State for the State of Ohio to enjoin the enforcement and carrying out of an Ohio Election law. O.R.C. § 3513.04 facially violates both the First and Fourteenth Amendments of the United States Constitution. Specifically, O.R.C. § 3517.03, demands that primary voters and members of Ohio's political parties must vote for one man and one woman to represent each district of the party's central committee. This election law facially violates each political party's freedom of association under the First Amendment of the United States Constitution. It further violates the Fourteenth Amendment of the United States Constitution because it denies both men and women equal protection under the law.

## PARTIES

2. Plaintiff Sarah Thomas Kovoor is an individual residing in Trumbull County, OH.

3. Defendant Frank LaRose ("Secretary LaRose") is the Ohio Secretary of State who is the chief executive in charge of Ohio's election procedures and compliance. Secretary LaRose's responsibilities include the following:

> As Ohio's chief elections officer, the Secretary of State oversees the elections process and appoints the members of boards of elections in each of Ohio's 88 counties. The Secretary of State supervises the administration of election laws; reviews statewide initiative and referendum petitions; chairs the Ohio Ballot Board, which approves ballot language for statewide issues; canvasses votes for all elective state offices and issues; investigates election fraud and irregularities; trains election officials, and works with counties to train poll workers. The Elections Division of the Secretary of State's Office also compiles and maintains election statistics and other election-related records.
> (https://www.ohiosos.gov/secretary-office/duties-responsibilities/)

Thus, Secretary LaRose is the Ohio agent tasked overseeing the state board of elections' administration of election laws and trains election officials. As such, he is the state agent who

1

oversees and administers the election process relating to the election of representatives of Ohio's State Central Committees.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under 42 U.S.C. § 1983 to address the deprivation, under the color of state law, of rights secured by the United States Constitution. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the United States Constitution and the laws of the United States and involve the assertion of a deprivation, under color of state law, of rights under the Constitution of the United States. This Court has the authority to enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and order injunctive relief under Federal Rule of Civil Procedure 65.

5. This Court has personal jurisdiction over Defendant, an elected official in his official capacity.

6. Jurisdiction is proper in this Court because it is a federal question under 42 U.S.C. § 1983.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendant's principal office is located in Franklin County, Ohio.

## BACKGROUND FACTS

8. Plaintiff Sarah Thomas Kovoor is an attorney and a taxpayer who resides in Howland Township, Trumbull County, Ohio. She was born in Kerala, India. She earned an undergraduate degree from the University of Rochester in 1982 and a *juris doctorate* degree from the University of Akron School of Law in 1997. Plaintiff Kovoor's career experience includes private practice as an attorney and as an assistant prosecuting attorney for Trumbull County, Ohio.

9. As part of her practice of law, Plaintiff Kovoor frequently prosecutes lawsuits against powerful members of political parties.

10. An example of such is case no. 4:22-CV-709 in the U.S. District Court for the Northern District of Ohio. Defendants include the Mahoning County Republican Party (the "MCRP"), David W. Johnson ("Johnson") who is the Treasurer of the Ohio Republican Party (the "ORP") and the chair of the Columbiana County Board of Elections, Thomas P. McCabe ("McCabe") who is chair of the Mahoning County Republican Party and Director of the Mahoning County Board of Elections (the "MCBoE"), Robert L. Aurandt ("Aurandt") who is a member of both the MCRP and the MCBoE.

11. Another example of such is case no. 2022 CV 01233 in the Court of Common Pleas for Mahoning County, Ohio, where she prosecutes Johnson and his attorney for frivolous conduct for bringing a case in that court for the sole purpose of using the filings as material in his campaign for Republican State Central Committee in the August 2, 2022 election.

12. In his various roles with the Republican Party, Johnson exerts substantial political power over McCabe, Aurandt, and LaRose.

13. Upon information and belief, Johnson has exercised his political power to oppose the placement of Plaintiff Kovoor on the ballot.

14. In Ohio, Title 35 of the Ohio Revised Code regulates elections generally, and Chapter 3513 regulates primaries and nominations. O.R.C. 3513.04 governs the filing of declarations of candidacy.

15. Judge Peter J. Kontos ("Judge Kontos"), a Democrat, resigned from the Trumbull County Court of Common Pleas effective July 31, 2022 creating a vacancy (the "Vacancy") for his unexpired term.

3

16. The Vacancy will be filled by appointment by the governor under Article IV §13, until a successor is elected and has qualified.

17. Since the Vacancy occurred on August 1, 2022, the 99th day before the day of the November 8, 2022 general election, it fell to the two county central committees to, pursuant to O.R.C. 3513.31(I), select a person as the party candidate for election for such unexpired term at that general election, and certify the person's name to the appropriate election official not later than four p.m. on the eighty-sixth day before the day of that general election, August 15, 2022 in this case.

18. The county central committees for the two major parties met and each selected a candidate to be certified to the ballot for the November 8, 2022 general election (the "Election"). The Democrats selected Judge Cynthia Westcott Rice ("Judge Rice") and the Republicans selected Plaintiff Kovoor. The Republican selection was timely delivered to the Trumbull County Board of Elections (the "TCBoE") on August 16, 2022.

19. It is reasonable to infer that Judge Kontos and Judge Rice, knowing the relevant statutes and of Plaintiff Kovoor's unsuccessful primary campaign, calculated the effective date of Judge Kontos' resignation to fall in the period of time where O.R.C 3513.04 could be used to deny ballot access to the most likely opponent Judge Rice would face, Plaintiff Kovoor.

20. It is also reasonable to infer that Johnson exerted his political power over Secretary LaRose to cause Plaintiff Kovoor to be denied the ballot.

21. On August 16, 2022, a majority of the TCBoE secretly agreed to request an opinion from the prosecutor's office. On August 19, 2022 the TCBoE. held a special meeting in which they considered two opinions provided in response to their request. The members then voted

two-two along party lines leading to a tie. Secretary LaRose then cast the deciding vote to deny Plaintiff Kovoor the ballot, notwithstanding his own Directive.

22. As a result of Plaintiff Kovoor being denied the ballot, Judge Rice is unopposed in the November general election.

23. The state can have no legitimate interest in having elections decided by unelected county boards of elections rather than the electors.

24. The state can have no legitimate interest in substituting a true election offering a choice of candidates pursuant to Article IV §13 of the Ohio Constitution with a sham election where an otherwise qualified candidate is disqualified by the application of O.R.C 3513.04.

25. The premise that O.R.C 3513.04 serves a legitimate interest in preventing the possibility of voter confusion is an affront to the electors of a free society.

26. Nothing in O.R.C 3513.04 prevents the disqualification of all candidates for a vacancy preventing the election mandated by Article IV §13 of the Ohio Constitution.

## COUNT 1
### 42 U.S.C. § 1983 – First Amendment

27. Plaintiff Kovoor restates all previous paragraphs as if fully rewritten herein.

28. The First Amendment is most robust in its protection of political speech and activities.

29. The First Amendment of the United States Constitution forbids a government from interfering with a citizen's right to freely associate with others, whether these associations are intimate or based upon political ideologies.

30. One freedom of association is a political organization's right to select candidates for election to public office and to engage in the intraparty rivalries inherent to that process.

31. A political party, its members, representatives, and its candidates also have a freedom to speak freely and communicate ideas in a manner they see fit in support of their candidates.

32. Furthermore, a government has no legitimate compelling interest in dictating who political parties choose as their candidates for election to public offices.

33. A statute such as O.R.C. 3513.04 also cannot limit a party member's ability to campaign for political office based upon that person's lack of knowledge of the plans of an opposing political party.

34. Defendant Secretary LaRose has violated Plaintiff Kovoor's freedom of association within the Trumbull County Republican Party.

## COUNT 2

### 42 U.S.C. § 1983 – Fourteenth Amendment

35. Plaintiff Kovoor restates all previous paragraphs as if fully rewritten herein.

36. The Fourteenth Amendment of the United States Constitution guarantees that all enjoy equal protection under a state's laws.

37. O.R.C. 3513.04 discriminates against candidates to fill vacancies by allowing collusion among members of an incumbent's political party to deny them access to the ballot.

38. This is a violation of the equal protection clause of the Fourteenth's Amendment's equal protection clause.

39. O.R.C. 3513.04 discriminates between members of the major parties based on the party affiliation of the incumbent elected official.

40. A state may not treat its citizens unequally based upon their party affiliation.

41. Secretary LaRose's enforcement of O.R.C. 3513.04 violates the Fourteenth Amendment's guarantee of equal protection.

6

**Prayer for Relief**

**WHEREFORE**, Plaintiff Sarah Thomas Kovoor respectfully requests that this Court finds for her and awards her the following relief:

(1)  An order enjoining Defendant from enforcing O.R.C. § 3513.04;

(2)  An order declaring that O.R.C. § 3513.04 violates both the First and Fourteenth Amendments of the United States Constitution;

(3)  An order that Defendant LaRose push back the election to fill the Vacancy until such time as the electors are offered a choice between the two candidates selected by the county central committees.

(4)  Assess all costs of this action against Secretary of State Frank LaRose;

(5)  Award Plaintiff their attorneys' fees and expenses; and

(6)  Award such other relief as may be appropriate.

                                    Respectfully submitted,

                                    Sarah Thomas Kovoor (0069223)
                                    Kovoor Law, LLC
                                    P.O. Box 310
                                    Warren, OH 44482
                                    P: (330) 974-1212 | F: (330) 974-1220
                                    E: sarah.thomas.kovoor@gmail.com
                                    *Plaintiff pro se*