IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SARAH THOMAS KOOVER, | Case No. 2:22-cv-3468 |
| Plaintiff, | |
| v. | Judge James L. Graham |
| OHIO SECRETARY OF STATE, FRANK LAWROSE, | Magistrate Judge Kimberly A. Jolson |
| Defendant. | |

**ORDER**

Plaintiff Sarah Koover brings this 42 U.S.C. § 1983 action to challenge the constitutionality of Ohio's sore loser statute, Ohio Revised Code § 3513.04, which precludes primary election losers from running in the following general election. Defendant Secretary of State Frank LaRose asserts that the sore loser statute has repeatedly been scrutinized and found constitutional. Believing that Plaintiff's claims fail as a matter of law, Defendant asks that the Court dismiss the case. Doc. 13. For the following reasons, the Court agrees and **GRANTS** Defendant's motion to dismiss.

I.     Background

Plaintiff sought the Republican party's nomination for a seat on the Eleventh District Court of Appeals in the May 3, 2022 primary election. *State ex rel. Trumbull Cnty. Republican Cent. Comm. v. Trumbull Cnty. Bd. of Elections*, 208 N.E.3d 775, 777 (Ohio 2022). She lost. *Id.* Afterwards, Judge Peter Kontos announced his retirement from the Trumbull County Court of Common Pleas, effective July 31, 2022, 100 days before the next general election. *Id.*; Amend. Compl. at ¶ 15.

1

Judge Kantos' retirement created a vacancy which Ohio law required to be filled through the next general election. Ohio Rev. Code § 3513.31(I). The party candidates for the vacancy were to be selected by a committee of each political party. *Id.* Plaintiff was selected as the Republican party candidate. Amend. Compl. at ¶ 18. Judge Cynthia Westcott Rice was selected as the Democratic party candidate. *Id.*

Despite being selected as the party candidate, Plaintiff was not permitted to run in the November 8, 2022 general election. The Trumbull County Board of Elections (the "Board") questioned whether Ohio's sore loser statute, Ohio Revised Code § 3513.04, precluded her candidacy. The sore loser statute provides:

> No person who seeks party nomination for an office or position at a primary election by declaration of candidacy . . . shall be permitted to become a candidate by nominating petition, including a nominating petition filed under section 3517.012 of the Revised Code, by declaration of intent to be a write-in candidate, or by filling a vacancy under section 3513.31 of the Revised Code at the following general election for any office other than the office of member of the state board of education, office of member of a city, local, or exempt village board of education, office of member of a governing board of an education service center, or office of township trustee.

The Board feared that because Plaintiff unsuccessfully ran for an office in the May 3, 2022 primary election, she was disqualified from being a candidate for the vacated judicial office. *Trumbull*, 280 N.E.3d at 777; Amend. Compl. at ¶ 21. The Board voted on whether to certify Plaintiff's candidacy, and the vote was tied. *Id.* The board submitted the matter to Defendant for his tiebreaking vote. *See* Ohio Rev. Code 3501.11(X). Defendant voted against certifying Plaintiff as a candidate, concluding that she was disqualified under the sore loser statute. *Id.* As a result, the Democratic party candidate was unopposed in the November general election.

Plaintiff filed the present action on September 21, 2022. Doc. 1. She did not request a preliminary injunction, and so the November 8, 2022 general election came and went without

2

intervention from this Court. On November 25, 2022, Plaintiff filed an amended complaint presenting a facial challenge to the sore loser statute. Amend. Compl. at ¶ 1. She claims that the sore loser statute violates the First Amendment's protection of political speech and activities and the Fourteenth Amendment's equal protection clause. *See generally id.* She seeks an order (1) enjoining Defendants from enforcing the sore loser statute, (2) declaring the sore loser statute unconstitutional, (3) declaring Judge Rice must stand reelection at the next general election; and (4) requiring Defendant to add Judge Rice's office to the next general election ballot. Amend. Compl. at pg. 9, ¶¶ 1-4.

This matter is now before the Court on Defendant's motion to dismiss Plaintiff's amended complaint, Doc. 13.[1] Plaintiff failed to respond to the motion. Defendant's motion, if granted, will result in the entry of final judgment. The Court will accordingly address the merits of Defendant's motion despite Plaintiff's failure to respond. *See* S.D. Ohio Civ. R. 7.2(a)(2) ("Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys fees.").

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a claim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual

---

[1] Defendant also filed a motion to dismiss Plaintiff's original complaint, Doc. 9. As Plaintiff filed an amended complaint, this motion is moot. *Green v. Mason*, 504 F. Supp.3d 813, 826 (S.D. Ohio 2022) ("as a general matter, an amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot.") (internal quotation marks and citations omitted).

3

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).

### III. Analysis

#### A. *Anderson-Burdick* Framework

Plaintiff's claims are governed by the *Anderson-Burdick* Framework. *Daunt v. Benson*, 999 F.3d 299, 314 (6th Cir. 2021) ("*Anderson-Burdick* applies to a wide array of claims touching on the election process, including First Amendment and Equal Protection Clause claims . . . ."). Under this framework, the Court reviews a regulation utilizing a level of scrutiny proportional to the magnitude of the burden imposed on First Amendment and Fourteenth Amendment rights. *Id.* at 310.

> [W]hen those rights are subjected to "severe" restrictions, the regulation must be "narrowly drawn to advance a state interest of compelling importance." But when a state election law provision imposes only "reasonable, nondiscriminatory restrictions" upon the First and Fourteenth Amendment rights ..., "the State's important regulatory interests are generally sufficient to justify" the restrictions.

*Burdick v. Takushi*, 504 U.S. 428, 434 (1992). "Regulations falling somewhere in between—i.e., regulations that impose a more-than-minimal but less-than-severe burden—require a 'flexible' analysis, 'weighing the burden on the plaintiffs against the state's asserted interest and chosen means of pursuing it.'" *Daunt*, 999 F.3d at 311 (quoting *Ohio Democratic Party v. Husted*, 834 F.3d 620, 627 (6th Cir. 2016)).

The magnitude of the burden is governed by evaluating two things: "content-neutrality and alternate means of access." *Citizens for Legislative Choice v. Miller*, 144 F.3d 916, 921 (6th Cir. 1998) (citing *Burdick v. Takushi*, 504 U.S. 428, 437-38 (1992)). A regulation which imposes burdens based on content, such as associational preference or economic status, impose a severe

4

burden on constitutional rights. *Id.* Likewise, a regulation which restricts the availability of political opportunity by leaving few alternate means to access the ballot impose a severe burden on constitutional rights. *Id.*

### B. Prior Review of Sore Loser Statute

The Supreme Court of Ohio has thrice reviewed the sore loser statute under the *Anderson-Burdick* framework. First, in *State ex rel. Purdy v. Clermont Cty. Bd. of Elections*, the court found that a prior version of the sore loser statute imposed "only a very limited burden." 673 N.E.2d 1351, 1356 (Ohio 1997). It noted that the sore loser statute requires an individual to merely make a choice: whether to run in a primary election. *Id.* If a person opts to and loses, they are barred from running in the general election. *Id.* The court explained that the limitation "does not discriminate between those who are and those who are not affiliated with a party, nor does it create burdensome ballot access requirements." *Id.* The court held that this very limited burden is outweighed by Ohio's "legitimate interest in preventing potential conflicts among party members, an interest in preventing the possibility of voter confusion, and an interest in preventing candidacies that may conceivably be prompted by short-range goals. *Id.* at 1357.

The court next reviewed an amended version of the sore loser statute in *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections,* 31 N.E.3d 596 (2014). There, the court considered whether an amendment which exempted certain offices from the sore loser statute was constitutional. *Id.* at 559-600. In deciding that the statute was still constitutional, the plurality again found that the sore loser statute imposes very limited burdens on voting rights and that the state's interest required to justify it is "correspondingly small." *Id.* at 600.

Most recently, the court considered the sore loser statute in a case involving Plaintiff, *State ex rel. Trumbull Cnty. Republican Cent. Comm. v. Trumbull Cnty. Bd. of Elections*, 208 N.E.3d

5

775, 777 (2022). In *Trumbull*, the plaintiff alleged the sore loser statute was unconstitutional as applied to Koover's candidacy. *Id.* at 780. The court rejected the claim, explaining that the plaintiff did not convince them that strict scrutiny should apply or that the state's interests should not weigh in favor of the statute being constitutional. *Id.* at 782-83.

### C. Merits

Plaintiff brings a facial challenge against Ohio Revised Code § 3513.04. Amend. Compl. ¶ 1 ("O.R.C. § 3513.04 facially violates both the First and Fourteenth Amendments of the United States Constitution."). As such, her claims can succeed only if there is no set of circumstances under which the statute would be valid. *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008).

The Court finds the Supreme Court of Ohio's treatment of the sore loser statute persuasive. As that court repeatedly found, the sore loser statute is a reasonable, nondiscriminatory law. It applies evenly across the board. Any individual, whatever their political affiliation, who loses a primary election is barred from participating in the following election. The sore loser statute also does not unduly limit access to the ballot. Indeed, the statute only functions through permitting access to the ballot. An individual becomes a sore loser only after obtaining access to the primary ballot and losing the primary election. Such an individual could have avoided becoming a sore loser and obtain access to the general election ballot by forgoing the primary election. That is the choice Ohio law places on hopeful elected officials – attempt to obtain party nomination with the knowledge that if the attempt fails, they are sidelined at the general election or pursue elected office without obtaining party nomination. The Court finds that the sore loser statute imposes only a slight burden on First Amendment and Fourteenth Amendment rights.

Defendant asserts the sore loser statute furthers Ohio's interest in maintaining the integrity of the political process. Doc. 13 at 12. It presents two examples to demonstrate the statute's importance. First, were a primary election loser permitted to run for the same office against the primary election winner, either out of honest desire to hold the office or revenge, the political party's vote would be split and neither candidate would likely be elected. Doc. 13 at 12. Second, were a primary election loser permitted to run for a different office at the general election, candidates could behave opportunistically to obtain any elected office rather than out of genuine desire to hold a particular office. Doc. 13 at 13. Defendants also argue that the sore loser statute avoids voter confusion by not permitting a primary loser to be named on the general ballot and prevents county board of elections from being overwhelmed by many primary-election losers jumping back into the election. Doc. 13 at 14.

The Supreme Court of Ohio has repeatedly found these interests to justify the burden the sore loser statute imposes on voting rights. *See Trumbull*, 208 N.E.3d at 782; *Purdy*, 673 N.E.2d at 1357. The Court agrees and finds that Plaintiff's facial challenge fails as a matter of law.

The Court may have reached a different conclusion were this an as applied claim. The interests Defendant advances are less persuasive looking at Plaintiff's situation in isolation. After losing the primary election, Plaintiff sought to run for a common pleas judgeship which was filled at the time of the primary election. Her candidacy for the common pleas judgeship would not have hindered the success of the primary election winner for the appellate court judgeship. Nor does her initial run for a different office indicate a lack of interest in the newly vacated office. It may well be that she would have run for the common pleas judgeship first had it been vacant. Further, the unusual situation where a primary election loser desires election to since-vacated office is unlikely to confuse voters or cause a substantial increase of work for county board of elections.

## IV. Conclusion

For the above reasons, Defendant's motion to dismiss, Doc. 13, is **GRANTED**.

**IT IS SO ORDERED**.

s/ James L. Graham<br>JAMES L. GRAHAM<br>United States District Judge

DATE: June 27, 2023